IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| DEE FORD'S WEST, LLC, | ) | CHAPTER 11, SUBCHAPTER V |
| Debtor. | ) | CASE NO.: 24-40320 |

## DEBTOR'S PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11

**COMES NOW** the Debtor, Dee Ford's West, LLC (hereinafter "Debtor" or "Dee Ford"), and proposes the following amended plan of reorganization ("Amended Plan") pursuant to the Small Business Reorganization Act, 11 U.S.C. § 1181, *et seq.*:

### I. Description of Debtor's Business.

The Debtor, Dee Ford's West, LLC, operates a bar and grill in Lincoln, Alabama. The business carried no debt until recently. In 2019, a premise liability action was filed against the Debtor. In October 2023, after years of litigation, a judgment in the amount of Two Million Dollars ($2,000,000) was entered against the Debtor, which threatened the viability of the business.[1]

The Debtor's Plan of Reorganization will devote any and all disposable income to the unsecured judgment creditor, while still allowing him to operate the business. In the meantime, Debtor intends to investigate a possible lawsuit for negligent or bad faith failure to settle the lawsuit that resulted in the judgment and precipitated this bankruptcy filing.

### II. Liquidation Analysis.

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a Chapter 7 liquidation. In this case, the Debtor owned no real property.

---

[1] There were two other lawsuits against the Debtor pending at the time this case was filed. Neither had been reduced to judgment.

The only personal asset consisted of $39,614.86 that the Debtor had in a Regions bank account at the time of filing. (Amended Schedule A/B at Doc. No. 22.) Unless agreed otherwise, the unsecured judgment creditor is entitled to be paid this amount over the life of the Plan. 11 U.SC. § 1129(a)(7).

### III. Ability to Make Future Plan Payments and Operate without Further Reorganization.

Debtor will submit all of his future disposable income to the extent necessary to consummate this Chapter 11, Subchapter V Plan by paying priority and secured and unsecured claims pursuant to the terms set out herein. The Debtor specifically reserves all future income necessary for operating expenses and for direct, long-term payment of secured claims.

The Monthly Operating Reports filed since this bankruptcy was commenced show that Debtor has an average disposable income of $440.39 per month. Though this is slightly less than the amount necessary to pay the unsecured judgment creditor what it is owed under the above liquidation analysis, Debtor believes it can make the necessary adjustments and pay the claim as specified below.

Debtor is devoting all of his disposable income to the plan, and the plan is feasible. Based on Debtor's projected income, there is a reasonable likelihood that the Debtor will be able to make all payments under the plan, as required by 11 U.S.C. § 1991(c)(3)(B). That said, Debtor will attempt to obtain a consensual plan.

### IV. Administrative Expenses and Priority Claims.

Administrative Claims. This class consists of all administrative expense claims of the Debtor's Chapter 11, Subchapter V case allowed pursuant to §503(b) of the Code and given priority in accordance with §507(a)(1) of the Bankruptcy Code. This class is divided into the following sub classes:

A.  A fee and reimbursement of expenses for the Subchapter V Trustee;

B.  Professional Compensation and reimbursement of expenses for the Debtor's attorney in amounts to be determined by the Court upon notice and a hearing.

Priority Claims. This class consists of the following: NONE.

**V.   Classification of Claims and Interests.**

Class 1: Thomas Lavigne. Thomas Levigne was the prevailing plaintiff in a state court case styled Thomas Lavigne v. Dee Ford's West, LLC; Case No. 61-CV-2019-900254; Circuit Court of Talladega County, Alabama. This creditor asserted a claim of $2,064,276.26. (Claim No. 1.)

Class 2: General Unsecured Claims. This class consists of any pre-petition, unsecured claims concerning Debtor's business which are timely filed and subsequently allowed by the Court and those claims listed in the Petition but for which no claim was filed. This class includes claims of every kind and nature including claims arising from the surrender of collateral, the use of credit cards, rejection of executory contracts, unexpired lease claims, deficiencies on secured claims, contract damages claims or open account claims and damages arising from or related to any liquidated, contingent or disputed claim. It also includes any debt which is filed as a secured claim but, which is allowed as an unsecured claim by the Bankruptcy Court. As of the claims bar date, the amount of the filed claims or scheduled in the petition is $0

**VI.   Treatment of Administrative Expense Claims and Court Fees.**

Administrative Claims. Upon entry of a Final Order confirming the Plan,

A.  The Debtor shall pay the Subchapter V Trustee her compensation and reimbursement of her expenses.

Case 24-40320-JJR11    Doc 76    Filed 06/25/24    Entered 06/25/24 15:01:50    Desc Main
Document      Page 3 of 9

B. The Debtor shall pay his attorney an amount approved by the Court for compensation and reimbursement of expenses after notice and hearing upon proper application by said attorney.

Court Fees. All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this plan have been or will be paid on the effective date of this plan.

## VII. Treatment of Claims and Interests Under the Plan.

The various classes of claims described above shall receive the following treatment under the confirmed plan, to wit:

Class 1: Thomas Lavigne. This is the only creditor in this case. A Proof of Claim has been filed for $2,064,276.26. Under the liquidation analysis above, this creditor must be paid at least $39,614.86 over the life of the Plan. Debtor proposes to pay Lavigne $660.25 per month over a period of sixty (60) months. These payments will be made directly by the Debtor. Additionally, the Debtor will pay any funds received (not to exceed the amount of the claim) from the potential lawsuit against his insurer for negligent and/or willful failure to settle, less approved fees and costs, to Lavigne.

Debtor's plan is "fair and equitable" pursuant to 11 U.S.C. § 1191(c), in that Debtor is offering all of his disposable income for the duration of the plan.

## VIII. Allowance and Disallowance of Claims.

1. Disputed Claims: A disputed claim is a claim that has not been allowed or disallowed by a final nonappealable order, and as to which either:

    (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

2. Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order or by agreement.

3. Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## IX. Implementation of Plan.

The Debtor will fund this Plan through sixty (60) monthly payments consisting of all the Debtor's disposable income. Debtor will make payments directly beginning thirty (30) days after Confirmation of the Plan. The Debtor may, without further Order of this Court, incur debt in the ordinary course of business during the term of this Plan as necessary to implement this Plan.

## X. General Provisions.

1. Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan,

2. Effective Date. The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

3. Severability If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

4.      Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

5.      Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

6.      Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Alabama govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## XI.    Discharge.

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:

(i)     imposed by this Plan; or

(ii)    excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due during the five-year duration of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i)     on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or

(ii)    excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Case 24-40320-JJR11    Doc 76    Filed 06/25/24    Entered 06/25/24 15:01:50    Desc Main
Document    Page 6 of 9

Respectfully submitted this 25th day of June, 2024.

                                    *s/ J. Gabriel Carpenter*

                                    Harvey B. Campbell, Jr. and
                                    J. Gabriel Carpenter
                                    *Attorneys for Debtor*
                                    ALABAMA CONSUMER LAW GROUP, LLC
                                    P.O. Drawer 756
                                    Talladega, AL 35161
                                    (256) 761-1858
                                    buddy@aclg.law
                                    gabe@aclg.law

## CERTIFICATE OF SERVICE

I do hereby certify that on June 25, 2024, a copy of the foregoing document was served upon the following by electronic mail:

Robert Landry, Bankruptcy Administrator - robert_landry@alnba.uscourts.gov.

Linda B. Gore, SBRA Trustee—linda@ch13gadsden.com.

Harry P. Long, Attorney for Thomas Lavigne—hlonglegal8@gmail.com

All parties requesting notice via the Court's ECF System.

All Creditors listed on the mailing matrix.

*/s/ J. Gabriel Carpenter*
J. Gabriel Carpenter
*Attorney for Debtor*

```
Label Matrix for local noticing          Dee Ford's West, LLC                    Internal Revenue Service
1126-1                                   1960 McCaig Road                        PO Box 7346
Case 24-40320-JJR11                      Lincoln, AL 35096-4868                  Philadelphia, PA 19101-7346
NORTHERN DISTRICT OF ALABAMA
Anniston
Tue Jun 25 14:59:23 CDT 2024

U. S. Bankruptcy Court                   Chadwick Hyatt                          Destiny R. Hare
1100 Gurnee Avenue, Room 288             % Steven D. Adcock                      % Shunnarah Personal Injury Lawyers
Anniston, AL 36201-4565                  Attorney at Law                         2900 1st Avenue, South
                                         114 East Street, North                  Birmingham, AL 35233-3033
                                         Talladega, AL 35160-2066

Robert Lee Rumsey III                    Secretary of the Treasury               Thomas Lavigne
Attorney at Law                          1500 Pennsylvania Ave., NW              % S. Drew Barnett
P. O. Box 1325                           Washington, DC 20220-0001               880 Montclair Drive
Sylacauga, AL 35150-1325                                                         Suite 300
                                                                                 Birmingham, AL 35213-1980

Thomas Lavigne                           U.S. Securities and Exchange Commission United States Attorney
c/o Harry P. Long, Esquire               Regional Director, Branch of Reorganizat Northern District of Alabama
PO Box 1468                              Atlanta Regional Office, Suite 900      1801 Fourth Avenue North
Anniston, AL 36202-1468                  950 East Paces Ferry Road               Birmingham, AL 35203-2101
                                         Atlanta, GA 30326-1180

United States Attorney General           United States Bankruptcy Administrator  White Robins Inv. LLC
U.S. Department of Justice               Northern District of Alabama            1960 McCaig Road
950 Pennsylvania Avenue, NW              1800 Fifth Avenue North                 Lincoln, AL 35096-4868
Washington DC 20530-0001                 Birmingham, AL 35203-2111

Harvey B. Campbell Jr.                   Jonathan G Carpenter                    Linda B. Gore (SBRA)
Alabama Consumer Law Group, LLC          Alabama Consumer Law Group, LLC         Linda B. Gore (Sbra), Panel Trustee
Post Office Drawer 756                   P.O. Box 756                            301 South 3rd Street
400 S. Court Square                      Talladega, AL 35161-0756                Gadsden, AL 35901-5236
Talladega, AL 35160-2499

Megan Campbell Carpenter                 Robert J Landry                         Thomas Lavigne
Alabama Consumer Law Group, LLC          Bankruptcy Administrator's Office       c/o S. Drew Barnett
P.O. Drawer 756                          United States Courthouse                880 Montclair Drive
Talladega, AL 35161-0756                 1100 Gurnee Avenue                      Suite 300
                                         Anniston, AL 36201-4565                 Birmingham, AL 35213-1980
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Destiny R. Hare                       (d)Internal Revenue Service             End of Label Matrix
% Shunnarah Personal Injury Lawyers      P.O. Box 7346                           Mailable recipients    20
2900 1st Avenue, South                   Philadelphia, PA  19101-7346            Bypassed recipients     2
Birmingham, AL 35233-3033                                                        Total                  22
```